IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| REGINALD EVANS, | * |
| | * |
| Plaintiff, | |
| | * |
| v. | Civ. Action No. 8:19-cv-03529-PX |
| | * |
| PRINCE GEORGE'S COMMUNITY TELEVISION, INC., | |
| | * |
| Defendant. | |

\*\*\*

## MEMORANDUM OPINION

Pro se Plaintiff, Reginald Evans, has filed suit against Defendant Prince George's Community Television, Inc. ("PGCTV"), alleging that he had been treated adversely on account of his race, sex, and religion. ECF No. 1. PGCTV has moved to dismiss the Complaint (ECF No. 21) while Evans seeks leave to amend his pleadings (ECF No. 10), obtain default judgment against PGCTV (ECF No. 13), and have this Court removed from his case (ECF No. 27). The motions have been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Plaintiff's motions are DENIED and Defendant's motion to dismiss the Complaint is GRANTED but without prejudice as to one claim for race discrimination pursuant to 42 U.S.C. § 1981.[1]

---

[1] PGCTV sought a continuance to file its motion by January 14, 2021, which this Court grants *nunc pro tunc*. ECF No. 18.

**I.      Background**

Defendant PGCTV is an independent, non-profit cable access facility in Prince George's County, Maryland, that manages five public access channels. ECF No. 1 ¶ 7. County residents may broadcast various television programs through PGCTV. *Id.*; ECF No. 21-1 at 1. Evans, who lives in Prince George's County, submitted a proposal to broadcast a "Christian program[]"on one of PGCTV's channels. ECF No. 1 ¶¶ 1, 10. The Complaint does not make clear exactly how PGCTV responded, suggesting that it either rejected Evans' program or placed it on a waiting list. *Id*. Nonetheless, Evans maintains that PGCTV issued a "series of insincere explanations for" not moving forward on his requested broadcast in a manner that reflects race, sex, and religious discrimination. *Id.* ¶¶ 1-2.

As a consequence, Evans filed suit in this Court against PGCTV for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. ECF No. 1. The Court thereafter granted Evans several extensions of time to perfect service on PGCTV, collectively until August 12, 2020. ECF Nos. 3, 5, 7, 8 & 9. On October 28, 2020, Evans asked this Court to add Prince George's County ("the County") and County Executive Angela Alsobrooks ("Alsobrooks") as parties because he could not identify PGCTV's registered agent in Maryland, and so he assumed that PGCTV must not be a properly registered corporation in Maryland. ECF No. 10. Thereafter, the Clerk issued a corrected summons for PGCTV, and because Evans proceeds in forma pauperis, the U.S. Marshall effected service as to the corporation on November 13, 2020. ECF Nos. 11 & 12.

On December 9, 2020, Evans moved for default judgment against PGCTV. ECF No. 13. Around the same time, the County Attorney requested additional time to respond to the Complaint so to determine what role, if any, it would play in this case. ECF No. 14. Ultimately,

2

PGCTV, as a private non-profit corporation, retained private counsel who moved to dismiss the Complaint on January 11, 2021.  ECF No. 21.

## II.     PGCTV's Motion to Dismiss

The Court turns first to PGCTV's challenge to the Complaint.  When reviewing a motion to dismiss brought pursuant to Rule 12(b)(6), the Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Because Evans proceeds *pro se*, the Court must construe his pleadings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, "[p]rinciples requiring generous construction of *pro se* complaints are not [ ] without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Evans must still aver enough facts to make out a plausible claim.  *See Manley v. Threeths*, No. ELH-20-2005, 2021 WL 2015457, at *4 (D. Md. May 20, 2021) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014)).

### A.     Title VII claims

PGCTV first moves to dismiss Evans' Title VII claims because Evans is not employed by PGCTV.  ECF No. 21-1 at 2–3.  The Court agrees with the Defendant.  Title VII circumscribes employers from discriminating against their employees on the basis on race, sex, and religion.  *See* 42 U.S.C. § 2000e-2(a).  As apparent from its plain text, Title VII applies only to employment relationships.  *See Ellie v. Sprint*, No. TDC-15-0881, 2015 WL 5923364, at *2 (D. Md. Oct. 7, 2015) (finding a plaintiff must allege facts establishing an employment relationship

to pursue a Title VII claim); *see also Proa v. NRT Mid Atl., Inc.*, 618 F. Supp. 2d 447, 458 (D. Md. 2009). It is not a roving cause of action for all manner of ill treatment. The Complaint, therefore, must aver some facts supporting that the plaintiff is in a qualifying employment relationship. Allegations supporting "something other than an employment relationship" do not suffice. *Ellie*, 2015 WL 5923364, at *2.

When viewing the Complaint facts as true and most favorably to Evans, he simply is not in an employment relationship with PGCTV. ECF No. 1 ¶¶ 1, 8–9. At best, and if the Court accepts his assertions in his response, perhaps he is a potential "independent contractor." *See* ECF No. 25 at 5. But even if that were true, Title VII still does not apply. *See Proa*, 618 F. Supp. 2d at 458; *Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 313 (4th Cir. 2001). Thus, the Court must dismiss the Title VII claim. Moreover, because the Complaint facts make clear that Evans was not an employee of PGCTV, he cannot cure this defect by amendment. The claim is dismissed with prejudice.

### B.     Section 1981 claim

The race discrimination claim brought pursuant to 42 U.S.C. § 1981, however, cannot be read as restrictively as Title VII. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts … and to the full and equal benefit of all laws … as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Accordingly, race discrimination[2] claims shall lie under § 1981 in a "broad variety of contexts," including entering and enforcing contracts. *Sherman v. Marriott Hotel*

---

[2] Unlike Title VII, claims brought under § 1981 are limited to purposeful, racial discrimination. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 389 (1982); *see also Runyon v. McCrary*, 427 U.S. 160, 167 (1976) (noting that § 1981 does not address claims of discrimination based on other "categories of selectivity" such as sex or religion). Discrimination claims based on religion and sex, or disparate impact race-based claims, are not cognizable under § 1981. *See Gen. Bldg. Contractors*, 458 U.S. at 388–89. Accordingly, to the extent Evans intended to pursue such claims under § 1981, they are dismissed with prejudice. ECF No. 1 ¶¶ 8, 10–11.

*Servs., Inc.*, 317 F. Supp. 2d 609, 613 (D. Md. 2004) (quotation omitted); *see also Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir. 2001).

A § 1981 cause of action adopts the same burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To make out a prima facie case, a plaintiff must demonstrate (1) membership in a protected class; (2) and an attempt to enter into a contract with defendant; (3) while meeting the defendant's ordinary requirements to contract for goods or services; (4) which was denied to him but otherwise offered to white customers. *See Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004); *cf. Woodbury v. Stepping Stones Shelter, Inc.*, No. PWG-17-1674, 2018 WL 3122457, at *5 (D. Md. June 25, 2018). If the plaintiff succeeds in this respect, the burden shifts to the defendant to demonstrate a legitimate nondiscriminatory reason for denying plaintiff the contract. *See Williams*, 372 F.3d at 667. If such a showing is made, the burden shifts back to plaintiff to show that the stated reason was pretextual. *See id.* In the end, plaintiff must show that "but for" his race, he would not have "suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media,* 140 S. Ct. 1009, 1019 (2020).

Although at the pleadings stage, Evans need not aver all elements of the prima facie case, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017), he still must allege *some* facts that show he was denied the programming request on account of race. *See Comcast Corp.*, 140 S. Ct. at 1019. The Complaint, however, fails to meet this most basic pleading requirement. For instance, the Complaint does not make clear whether Evans was *denied* a programming opportunity or merely put on a waiting list. ECF No. 1 ¶¶ 1, 8–10. Nor does the Complaint include facts that support PGCTV denied him some contractual privilege that it would have consummated with him but for

his race.  The Complaint does not include any facts about the criteria for awarding applicants a programming slot, whether Evans' submission met such criteria, and whether other programs that PGCTV accepted were otherwise offered to non-minority applicants.  Mere general averments of the defendant according benefit to "other racial groups" does not plausibly state a § 1981 contract claim.

However, unlike the Title VII claim, the Court will grant Evans one final opportunity to amend his Complaint to cure the pleading defects, if possible, but only as to any allegation of purposeful race discrimination.  *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citation omitted); *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013).  Within twenty-eight days from the date of this Order, Evans shall submit a proposed amended complaint as to the 1981 claim.  Any proposed amended complaint must comply with Local Rule 103.6.  Failure to amend the Complaint consistent with this opinion will result in dismissal of the claim with prejudice.

### III.   Evans' Motions

Because Evans will be granted an opportunity to cure the defects in his 1981 claim, the Court reaches Evans' motions that would otherwise have been moot.

#### A.   Motion for Recusal (ECF No. 27)

Evans asks for a "new judge," or essentially that this Court recuse itself from presiding over this case.  As grounds, Evans complains that this Court waited more than 100 days to resolve his pending motions.  ECF No. 27 at 2.  A plaintiff's discontent with the pace of his case does not provide sufficient cause for recusal.  *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *see also Clinton v. Jones*, 520

U.S. 681, 706 (1997). Evans has otherwise presented no reason to support his request and thus it must be denied.

### B. Motion to Amend (ECF No. 10)

Evans separately moved to "amend" his Complaint to add the County and the County Executive as Defendants. He seeks to add these parties because he could not identify PGCTV's registered agent, and so he presumed that the corporation is not registered. Evans is mistaken regarding the status of PGCTV,[3] and in any event, his difficulty serving a private corporation does not entitle him to add the County or its Executive as a party. Thus, the motion to amend is denied.

### C. Motion for Default Judgment (ECF No. 13)

Evans seeks default judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The rule permits that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under the local rules, the plaintiff must file a written request with the clerk's office to enter default before moving for default judgment. *See* Loc. R. 108.2; Fed. R. Civ. P. 55(b)(2).

Evans' motion for default judgment is premature given that the Clerk had not yet entered default, a necessary precondition. *See* Fed. R. Civ. P. 55; Loc. R. 108.2; *see also Sigala v. ABR of VA, Inc.*, No. GJH-15-1779, 2016 WL 1643759, at *2 n.2 (D. Md. Apr. 21, 2016) (Obtaining a clerk's entry of default is a "necessary prerequisite to obtaining judgement by default." (citation omitted)); *Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 328 (E.D. Va. 2007) ("Before the plaintiff can move for default judgement, the clerk or the court

---

[3] *See Business Entity Search*, Maryland Business Express, Registration & Filings, https://egov.maryland.gov/BusinessExpress/EntitySearch (last visited July 19, 2021).

must enter default." (quotations omitted) (citation omitted)). More importantly, given the confusion surrounding service as to PGCTV, it would be inequitable to grant the motion in the early stages of this case. This is because the Court must endeavor to decide cases on their merits. *See SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Given that this case is in its infancy, denial of default judgment works no prejudice against Evans. The motion is, therefore, denied. ECF No. 13.

## IV. Conclusion

For the foregoing reasons, Evans' motions at ECF Nos. 10, 13 & 27 are DENIED. PGCTV's motion to dismiss is GRANTED *with prejudice* as to the Title VII claim and *without prejudice* as to the section 1981 claim alleging purposeful, racial discrimination. ECF No. 21. A separate Order follows.

7/19/21  
Date

/s/  
Paula Xinis  
United States District Judge